UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| IAN LEACH,<br><br>                Plaintiff,<br><br>   v.<br><br>CITY OF TACOMA, *et al*,<br><br>                Defendants. | Case No. C24-5055-DGE-MLP<br><br>ORDER |

This matter is before the Court on Defendants' Motion for Leave to Amend the Pleadings. (Def.'s Mot. (dkt. # 22).) Plaintiff opposed the motion. (Pl.'s Resp. (dkt # 28).) Defendants filed a reply. (Dkt. # 30.) Having considered the parties' submissions, the balance of the record, and the governing law, Defendants' Motion (dkt. # 22) is GRANTED, as further explained below.

Under Federal Rule of Civil Procedure 16(b)(4), a scheduling order may be modified only for "good cause" and with the Court's consent. To establish "good cause," the moving party must show that it could not reasonably meet the deadlines set in the scheduling order despite diligent efforts. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). The Court's deadline for amendments was June 10, 2024. (Dkt. #16.) Defendants acknowledge this

ORDER - 1

1  deadline has passed but argue new developments in related criminal proceedings justify the
2  amendment. (Def.'s Mot. at 8-9.)

3  Plaintiff, however, contends Defendants failed to exercise due diligence, asserting they
4  had sufficient information to raise an affirmative defense before the June 2024 deadline. (Pl.'s
5  Resp. at 5.) Plaintiff points to several instances when Defendants were aware of Anthony
6  Edward Huff-McKay's involvement, such as when Defendants identified him as a witness in
7  early 2024 and raised self-defense as an affirmative defense in February 2024. (*Id.* at 5-6.)
8  Plaintiff argues Defendants could have disclosed this defense months earlier, thereby permitting
9  timely discovery and amendment. (*Id.*)

10  The Court finds that Defendants acted with reasonable diligence in pursuing this
11  amendment. Following Mr. Huff-McKay's conviction on June 6, 2024, Defendants promptly
12  ordered the trial transcript, which was not received until late August. (Yotter Decl. at ¶¶ 13-15
13  (dkt. #23).) The transcript provided specific factual support critical to this defense. (*Id.* at
14  ¶¶ 20-24.) Defendants informed Plaintiff of their intent to amend within three weeks of receiving
15  the transcript, demonstrating a prompt and diligent response to new, material information. (*Id.* at
16  ¶¶ 17-19.) While Plaintiff contends the foreseeability of Mr. Huff-McKay's involvement
17  obviated the need to wait for the transcript, the Court concludes that Defendants' approach was
18  reasonable and that the foreseeability of this defense does not outweigh the showing of good
19  cause.

20  Federal Rule of Civil Procedure 15 states that once the period for amendment as of right
21  has passed—as it has in this case—a party may amend its pleading "only with the opposing
22  party's written consent or the court's leave," and that leave "shall freely be given when justice so
23  requires." Fed. R. Civ. P. 15(a)(2); *see also Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d

1048, 1051 (9th Cir. 2003) (Leave to amend is applied "with extreme liberality."). Courts consider several factors in determining whether to grant leave to amend, including undue delay, bad faith, repeated failure to cure deficiencies, undue prejudice to the opposing party, or futility of the amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Plaintiff argues that permitting this amendment would be prejudicial, as it limits Plaintiff's opportunity to conduct discovery on Defendants' new third-party defense. (Pl.'s Resp. at 5.) Plaintiff notes that the three-year statute of limitations has now expired and that earlier disclosure would have enabled Plaintiff to propound discovery specifically addressing this defense and potentially add Mr. Huff-McKay as a third-party defendant. (*Id.*) Plaintiff also contends that the delay undermines Plaintiff's ability to prepare for trial, creating the risk of an "empty chair" defense that could unfairly disadvantage Plaintiff. (*Id.* at 6.)

While the Court recognizes Plaintiff's concerns about discovery limitations, it finds that any prejudice to Plaintiff is mitigated by the current procedural stage of the case. Discovery remains open for another four months, no trial date has been set (dkt. # 27), and no depositions have been conducted to date. (Yotter Decl. at ¶ 30.) Nor is there any indication that this amendment will introduce issues outside the scope of Plaintiff's existing claims, allowing Plaintiff adequate opportunity to address this defense within the discovery period. Given these factors, any potential prejudice to Plaintiff is minimized by the ongoing discovery period and the early procedural stage of the case.

Finally, Plaintiff argues that any further delay will impede the trial, which has already been postponed multiple times. (Pl.'s Resp. at 6.) The Court acknowledges Plaintiff's desire to avoid further delays. That said, amendment is unlikely to cause a continuance at this stage, as

ORDER - 3

discovery remains open and no trial date has been set. (Dkt # 27.) Thus, this factor is at most neutral in its impact.

For these reasons, the Court GRANTS Defendants' Motion for Leave to Amend. Defendants shall file their amended answer within 7 days of this Order. The Clerk is directed to send copies of this order to the parties and to the Honorable David G. Estudillo.

Dated this <u>13th</u> day of November, 2024.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER - 4